294-08/MEU/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
CAPE PARRY SHIPPING LTD. and
CAPE BRUNY TANKSCHIFFAHRTS GMBH & Co KG
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (0045)
Pamela L. Schultz (PS 8675)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPE PARRY SHIPPING LTD. and
CAPE BRUNY TANKSCHIFFAHRTS GMBH & Co KG

                              Plaintiffs,  08 CV- 5033

      -against--

                                                           **VERIFIED COMPLAINT**

PROJECTOR SA,

                              Defendant.
------------------------------------------------------------------x

       Plaintiffs, CAPE PARRY SHIPPING LTD., (hereinafter "CAPE PARRY"), and CAPE BRUNY TANKSCHIFFAHRTS GMBH & Co KG (hereinafter "CAPE BRUNY") (collectively referred to as the "Plaintiff Owners") as and for their Verified Complaint against Defendant PROJECTOR SA ("PROJECTOR"), allege upon information and belief as follows:

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breach of maritime contracts of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff CAPE PARRY was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Majuro, Marshall Islands and was the owner of the M/V CAPE BRADLEY.

3. At all times relevant hereto, Plaintiff CAPE BRUNY was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Majuro, Marshall Islands and was the owner of the M/V CAPE BRUNY.

4. At all times relevant hereto, Defendant PROJECTOR was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 35A Regent Street, Belize City, Belize.

### The Chartering of the M/V CAPE BRADLEY

5. On or about August 10, 2007, Plaintiff CAPE PARRY, as Owner, and Defendant PROJECTOR, as charterer, entered into a maritime contract of charter party for the M/V CAPE BRADLEY. A true and correct copy of the charter party is attached as **Exhibit A.**

6. The vessel was duly delivered into Defendant's service under the charter, and demurrage was earned.

7. On or about October 5, 2007, Plaintiff CAPE PARRY submitted a demurrage invoice in the amount of $47,249.13 in connection with the chartering of the M/V CAPE BRADLEY, and Defendant PROJECTOR admitted this sum was due and owing.

8. Despite due demand, Defendant PROJECTOR has failed and/or has refused to pay the amounts due and outstanding under the charter party.

9. Plaintiff CAPE PARRY has fulfilled all obligations required of it under the charter party.

10. The charter party provides for the application of English law and all disputes between the parties involving amounts of up to and including $50,000 are to be resolved by arbitration in London in accordance with the London Maritime Arbitrators Association (LMAA) Small Claims Procedure, and Plaintiff CAPE PARRY specifically reserves its right to proceed in arbitration.

11. CAPE PARRY has commenced and/or shortly will commence arbitration proceedings in London against Defendant.

12. This action is brought to obtain jurisdiction over Defendant and to obtain security in favor of Plaintiff CAPE PARRY in respect to its claims against Defendant and in aid of London proceedings.

13. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

14. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

15. Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim in London will be $30,000.00 and interest on its damages are estimated to be $8,110.76 (calculated at the rate of 8% for a period of 2 years, the estimated time for completion of the proceedings in London).

### The Chartering of the M/V CAPE BRUNY

16. On or about November 19, 2007, Plaintiff CAPE BRUNY, as Owner, and Defendant PROJECTOR, as charterer, entered into a maritime contract of charter party for the carriage of a cargo of jet unleaded fuel onboard the M/V CAPE BRUNY. A true and correct copy of the charter party is attached as **Exhibit B**.

17. The vessel was duly delivered into Defendant's service under the charter, and demurrage was earned.

18. On or about December 5, 2007, Plaintiff CAPE BRUNY submitted a demurrage invoice in the amount of $33,876.74 in connection with the chartering of the M/V CAPE BRUNY.

19. Despite due demand, Defendant PROJECTOR has failed and/or has refused to pay the amounts due and outstanding under the charter party.

20. Plaintiff CAPE BRUNY has fulfilled all obligations required of it under the charter party.

21. The charter party provides for the application of English law and all disputes between the parties involving amounts of up to and including $50,000 are to be resolved by arbitration in London in accordance with the London Maritime Arbitrators Association (LMAA) Small Claims Procedure, and Plaintiff CAPE BRUNY specifically reserves its right to proceed in arbitration in accordance with the charter party.

22. CAPE BRUNY has commenced and/or shortly will commence proceedings in London against Defendant.

23. This action is brought to obtain jurisdiction over Defendant and to obtain security in favor of Plaintiff CAPE BRUNY in respect to its claims against Defendant and in aid of London proceedings.

24. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the London proceedings and interest, all of which are recoverable as part of Plaintiff's claim under English law.

25. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

26. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London will be $30,000.00 and interest on its damages are estimated to be $5,815.26 (calculated at the rate of 8% for a period of 2 years, the estimated time for completion of the proceedings in London).

27. Upon information and belief, and after investigation, the Defendant identified in this action cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to ASSETS in its name, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

WHEREFORE, Plaintiffs pray:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of **$113,618.02** may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant including but not limited to such assets as may be held, received or transferred in its name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any judgment or award entered against the Defendant in the London proceedings; and

    d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 30, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
CAPE PARRY SHIPPING LTD. and
CAPE BRUNY TANKSCHIFFAHRTS GMBH & Co KG

By: _____
Michael E. Unger (MU 0045)
Pamela Schultz (PS 8675)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York     )
                            ) ss.:
County of New York  )

      MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.      The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

                                                                        Michael E. Unger

Sworn to before me this
30th day of May 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ / o